```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA

ERIC TAYLOR                                CIVIL ACTION

VERSUS                                     NO: 12-1675

THE HOME DEPOT U.S.A. INC.,                SECTION: R
AVERY GILLIS, OLIVER POWELL
AND CORY EUGENE
```

### ORDER AND REASONS

Before the Court is plaintiff Eric Taylor's Motion to Remand to State Court.[1] For the following reasons, the Court GRANTS plaintiff's motion.

### I. BACKGROUND

On January 24, 2012, plaintiff filed suit in Louisiana state court against defendants Home Depot U.S.A., Avery Gillis, Oliver Powell, and Corey Eugene for damages plaintiff allegedly suffered in a February 2011 accident in which an advertisement sign fell on plaintiff while he was shopping at Home Depot.[2] Plaintiff alleged that the three individual defendants, all employees of Home Depot, knew that the sign was in danger of falling but failed to take reasonable precautions to prevent the sign from injuring a customer.[3]

---

   [1]   R. Doc. 19.

   [2]   R. Doc. 1-3 at 1.

   [3]   *Id.* at 2-3.

On June 27, 2012, Home Depot removed the suit to federal court.[4] While acknowledging that plaintiff and each of the individual defendants are residents and domiciliaries of Louisiana, Home Depot contended that this Court has diversity jurisdiction over the action because the individual defendants were improperly joined.[5] Specifically, Home Depot claimed that, under Louisiana law, plaintiff cannot state a viable cause of action against the three individual defendants.[6]

On July 1, 2013, plaintiff filed the instant motion to remand the matter to state court, arguing that this Court is without subject-matter jurisdiction because plaintiff has stated a valid claim against the individual defendants.

## II. LEGAL STANDARD

Plaintiff's remand motion is governed by the standard for improper joinder, as set forth below.

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In

---

[4] R. Doc. 1.

[5] *Id.* at 2.

[6] *Id.*

assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). Accordingly, "[a]ny ambiguities are construed against removal." *Id.*

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978). Here, the parties do not dispute that the amount-in-controversy-requirement is met, but they disagree about whether the complete diversity requirement is satisfied. As noted above, plaintiff Eric Taylor and defendants Avery Gillis, Oliver Powell, and Corey Eugene have Louisiana citizenship, which would ordinarily destroy complete diversity. *See McLaughlin v. Miss. Power Co.,* 376 F.3d 344, 353 (5th Cir. 2004). And when a nondiverse party is properly joined as a defendant, no defendant may remove the case under 28 U.S.C. § 1332. But a defendant *may* remove by showing that the nondiverse party was joined improperly. *Smallwood v. Ill. Cent. R.R. Co.,* 352 F.3d 220, 222 (5th Cir. 2003).

The burden of demonstrating improper joinder is a heavy one, as the doctrine is a narrow exception to the rule of complete diversity. *Id.* A defendant may establish improper joinder by showing either "(1) actual fraud in pleading jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 222-23. Here, there is no allegation that plaintiff fraudulently pleaded jurisdictional facts; accordingly, only the second prong of the improper joinder test is at issue. To determine whether the individual defendants were improperly joined under the second prong, the Court asks whether "there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Id.* at 223 (quoting *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993)) (internal quotation marks omitted).

"In analyzing whether a plaintiff has demonstrated a reasonable possibility of recovery, the district court may 'conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.'" *Menedez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 69 (5th Cir. 2010) (per curiam) (quoting *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). The scope of the inquiry for improper joinder, however, is even broader than that for Rule

4

12(b)(6) because the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his or her claim. *Smallwood*, 352 F.3d at 223 n.8 (citing *Travis v. Irby*, 326 F.3d 644, 648–49 (5th Cir.2003)); *see also Menendez*, 364 F. App'x at 69. In conducting this inquiry, the Court must "take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649. So, too, must the Court resolve all contested issues of fact and all ambiguities of state law in favor of the nonremoving party. *Id; Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 813 (5th Cir. 2011).

### III. DISCUSSION

#### A. Improper Joinder

In determining whether plaintiff can establish a cause of action against the non-diverse parties in this case, the Court looks to Louisiana law setting forth the circumstances under which a corporate employee can be held individually liable for injuries to third persons. In *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973), *superseded by statute on other grounds*, La. Rev. Stat. § 23:1032, the Louisiana Supreme Court held that an employee may be personally liable for an invitee's injury on store premises only if four distinct criteria are satisfied:

> 1. The principal or employer owes a duty of care to the third person . . ., breach of which has caused the damage for which recovery is sought.
>
> 2. This duty is delegated by the principal or employer to the defendant.
>
> 3. The defendant . . . has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances . . . .
>
> 4. . . . [P]ersonal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically caused the plaintiff's damages.

*Id.* at 721; *see also Anderson v. Ga. Gulf Lake Charles, LLC*, 342 F. App'x 911, 916 (5th Cir. 2009) ("*Canter*'s four-part test is used to determine whether an employee is individually liable to third persons, even if they are not co-employees." (quoting *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 386 (5th Cir. 2009))).

Plaintiff's state court petition alleges fourteen individual acts of negligence on the part of defendant Home Depot, and then re-alleges those same fourteen acts of negligence on the part of the three individual defendants.[7] Plaintiff alleges that these acts of negligence, which all concern defendants' purported failure to keep the premises safe by fixing or moving the "precariously placed advertisement sign," caused the injuries

---

[7] R. Doc. 1-3 at 2-3.

plaintiff sustained when the sign fell and hit him.[8] Plaintiff contends that the stormy, windy weather conditions on the day in question should have put the defendants on notice that the sign, which was placed just inside the store next to the sliding entrance doors, was in danger of falling.[9] Plaintiff has attached an affidavit to his motion to remand stating that plaintiff spoke to defendant Oliver Powell "shortly following the accident" and that Powell said "that the advertisement sign had been blowing down all day and that they were not going to move it until it hit somebody."[10]

Home Depot, as a merchant, owes its customers a duty "to exercise reasonable care to keep [its] aisles, passageways, and floors in a reasonably safe condition." La. Rev. Stat. 9:2800.6. But defendants contend that this duty could not have been breached by Gillis, Eugene, or Powell through personal fault because the defendants were "not actually involved in the alleged accident."[11] Attached to defendants' opposition to plaintiff's motion to remand are affidavits from the three individuals

---

[8]   *Id.*

[9]   R. Doc. 19-1 at 11.

[10]  R. Doc. 19-4 at 1. Contrary to defendants' contention, this affidavit is not hearsay because Powell's alleged assertion constitutes an opposing party's statement under Federal Rule of Evidence 801(d)(2)(A).

[11]  R. Doc. 1 at 2.

supporting this contention. Each individual avers that he is not personally responsible for Home Depot's marketing and display decisions, which include placement of in-store signs.[12] Gillis and Powell state that they did not know who placed the sign that fell on plaintiff,[13] and Gillis and Eugene state that they had never heard of a display sign falling and hitting a customer until the incident involving plaintiff.[14] Powell's affidavit flatly contradicts the affidavit submitted by plaintiff, stating that Powell "had no discussions with Eric Taylor" after the incident.[15]

Defendants cite *Brady v. Wal-Mart Stores, Inc.*, 907 F. Supp. 958 (M.D. La. 1995); *Gautreau v. Lowe's Home Ctr., Inc.*, No. 12-630, 2012 WL 7165280 (M.D. La. Dec. 19, 2012); and *Carter v. Wal-Mart*, No. 04-72, 2005 WL 1831092 (W.D. La. July 28, 2005), in support of their contention that plaintiff has no possibility of recovery against Gillis, Eugene, or Powell under Louisiana law. In *Brady*, the court held that a store customer who was injured when several boxes fell on her arm could not recover damages from the store's manager because the customer had not alleged that the manager "was the employee who stacked the boxes improperly or who

---

[12]   *See* R. Doc. 22-1 at 1, 3, 4.

[13]   *Id.* at 1, 4.

[14]   *Id.* at 1, 3.

[15]   *Id.* at 4.

personally caused the accident." *Brady*, 907 F. Supp. at 960. In *Gautreau*, the court held that liability could not be imposed on the general manager of a store for injuries the plaintiff sustained when a shelving board fell from a display shelf and hit her, because plaintiff had not alleged that the manager "actively contributed to or had any personal knowledge of [the] harmful condition" created by the shelf that was alleged to be improperly constructed. *Gautreau*, 2012 WL 7165280, at *4. The *Gautreau* court explained that "none of the allegations of negligent acts committed by [the manager] contain[ed] any facts which distinguish[ed] [the manager's] alleged duty to the plaintiff from the general administrative responsibilities of his employment." *Id*. Finally, in *Carter*, the plaintiffs attempted to bring a negligence claim against three Wal-Mart employees for damages the plaintiffs sustained when a metal display rack fell from overhead and landed on them. *Carter*, 2005 WL 1831092, at *1. The court held that the plaintiffs' action could not lie because they had offered no evidence that Wal-Mart had delegated any duty of care to the defendants or that the defendants actively contributed to the allegedly defective condition of the rack. *Id.* at *2-3; *see also Driver v. Wal-Mart La., LLC*, No. 09-786, 2009 WL 2913938, at *3 (W.D. La. Sep. 9, 2009) (finding that Wal-Mart employees had been improperly joined in a personal injury suit because the employees were not personally involved with the

9

instrumentalities that caused the plaintiff's accident); *Thomas v. Wal-Mart La., LLC*, No. 11-0367, 2011 WL 3359929, at *2-3 (W.D. La. May 6, 2011) (same).

This case is distinguishable from the foregoing cases because plaintiff has submitted evidence suggesting that defendant Powell knew that the display sign had been blowing in the wind all day and that he and the other employees "were not going to move it until it hit somebody."[16] Powell disputes plaintiff's account, but in considering a motion to remand, the Court resolves all contested factual issues in favor of the nonremoving party -- here, the plaintiff. *Travis,* 326 F.3d at 649. Taylor's affidavit makes this case more analogous to *Ford v. Elsbury*, 32 F.3d 931 (5th Cir. 1994). In *Elsbury*, the Fifth Circuit held that the manager of a fertilizer plant could be held liable under *Canter* for injuries sustained by plaintiffs in an explosion at the plant when the plaintiffs submitted evidence suggesting that the manager knew that the plant's urea reactor was leaking and "failed to respond to the risk in the manner in which a reasonably prudent plant manager would respond in the same or similar circumstances." *Id.* at 936, 939. Here, plaintiff has adduced similar evidence suggesting knowledge by defendant Powell and failure to act. Accordingly, the Court cannot say that "there is no possibility that the state court would recognize a

---

[16] R. Doc. 19-4.

valid cause of action against the non-diverse defendants," and thus remand is required. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).

### B. Attorneys' Fees

Plaintiff also request attorneys' fees and costs. Under 28 U.S.C. § 1447(c), a federal court ordering remand of an action to state court "may require payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." "There is no automatic entitlement to an award of attorneys' fees" if the court determines that removal was legally improper; instead, the decision whether to award attorneys' fees is left to the discretion of the trial court. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).

In order to determine whether an award of attorneys' fees is appropriate, the court considers "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Id.* at 293. Here, defendants had an objectively reasonable basis to remove this case based on the authorities cited in their Notice of Removal and their opposition to plaintiff's motion to remand. While defendants' arguments against removal are ultimately unpersuasive, they are not so unreasonable as to warrant an award of attorneys fees to plaintiff. *Cf. id.* at 293-94 (declining to award attorneys' fees to non-removing party, even though removal was legally improper, because removing party

"could conclude from th[e] case law that its position was not an unreasonable one").

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is GRANTED. Plaintiff's request for attorneys' fees is DENIED.

New Orleans, Louisiana, this <u>3rd</u> day of September, 2013.

　　　　　　　_____*Sarah Vance*_____
　　　　　　　　　SARAH S. VANCE
　　　　　　UNITED STATES DISTRICT JUDGE